By the Court:

The evidence' is admissible, subject to direction as to the legal effect and sufficiency of it.
The defendant then offered in evidence the deposition of a witness taken out of the State, and who had been the deputy of Caulk whilst sheriff, to prove that the first execution had been stayed by the directions of the plaintiff, contained in certain letters addressed by him to that officer, and for which diligent search had been made by *12 the witness among the papers of the sheriff without finding them.
Mr. Bayard objected to the admissibility of the deposition. In order to excuse the sheriff for the non-execution of the writ, if he relied on instructions from the plaintiff for that purpose, it should be shown that they were in writing, and, if lost, the whole of the letters, or, at least, the eritire substance of them, and not merely parts or portions of them, should be stated by the witness. Besides, the loss of the letters had not been sufficiently shown to admit secondary evidence of their .contents; and, as the deponent had been the deputy of the sheriff at the time, he was an incompetent witness without a release.

By the Court:

It did not appear that the deputy was in any way chargeable with the negligence alleged in this case; and if there had been any negligence in the execution of the first fieri facias by' the preceding sheriff or his deputy, 'it was not the ground of action in the case before the court, which was for alleged negligence on the part of Platt, the succeeding sheriff, in failing to execute the second fieri facias. He was, therefore, a competent witness without release. As to verbal orders, or paroi instructions from the plaintiff, in an execution to the sheriff directing him to stay it, they are sufficient to exonerate him from the charge of negligence on that account, and need not be in writing. The search for the letters, and the proof of their loss (the deponent 'Stating that he had made diligent search for them among the sheriff’s papers, but could not find them), was sufficient to authorize the admission of his evidence as to the contents of them or their substance.
The further proof and facts in the case, and the grounds on which the action was resisted by the counsel for the defence, will sufficiently appear from the charge of the court.

*13
The Court.

Harrington, Chief Justice,

charged the jury: This was an action against the surety of the late Sheriff Platt, for his negligence in executing a writ of fieri facias, at the suit of David Roe, against Simon Spearman, which was issued and placed in the sheriff’s hands for collection.
It appeared, by the sheriff’s recognizance, that, the defendant, David W. Q-emmill, became one of his sureties, and bound himself, by the condition of that recognizance, for the faithful execution by the sheriff of his official duties. One of the obligations of this recognizance is, that the sheriff shall duly execute process to him directed; and what is the due execution of process was explained by the court in Janvier v. Vandever, 3 Harr. Rep. 29. In that case on this subject the court remarked, “In our view the question of diligence is for the jury to decide, under the direction of the court, upon the circumstances of each case. The writ of execution commands the sheriff to levy and make the money, and to have it at the court next ensuing. Ordinarily, if he does this he performs his duty, without reference to the time of sale; but if he does not produce the money at court, it becomes important to inquire whether he has performed his duty in the meantime; whether he has executed the writ according to his duty arid the terms of his recognizance, without delay. Has he made his levy in due time ? What is due time in reference to the levy ? Has he the whole time previous to the return of the writ to make the levy in ? It is admitted that he has not, and yet it is contended that he has the whole time in reference to a sale. In our opinión, the rule as to both is the same; it must be done in reasonable time. Of course much greater activity must be used by the sheriff in making the levy than in making a sale, for this is reasonable; and in most cases it would not be unreasonable to defer the sale for the longest period before the return day of'the writ; but if, in any particular case, such a delay would be prejudicial and injurious to the plaintiff, it is unreasonable, and a violation of the sheriff’s duty.”
It appeared, by the evidence, that David Roe having *14 obtained a judgment against one Simon Spearman, payable in three instalments, two of which were due on the 14th of July, 1847, issued an execution, and delivered it to Sheriff Platt two days afterwards, which was levied on the 8th of October of that year, and upon a sale of the property then levied on, the money raised on that levy was not sufficient to satisfy the execution. It was alleged by the plaintiff that, at the time this execution was placed in the sheriff’s hands, there were goods of the defendant . within his bailiwick, that is, within this county, which might and ought to have been levied on by him, sufficient to pay this execution; and that the delay on the part of the sheriff in making the levy was an official delinquency, for which he and his sureties are responsible, and which renders them liable to pay the amount of the execution.
Recurring to the evidence in the case, and applying to that evidence the principles which have been stated by the court in reference to a sheriff’s obligation, the jury will determine whether the sheriff did levy and execute this writ according to its command and his duty; and whether, if he had so executed it, he might have levied it on some property of Simon Spearman from which he might have made the money he was commanded to make, or some part of it, in satisfaction of the plaintiff’s judgment and execution. Qne of the witnesses, Michael Cooper, has testified to certain cattle, and horses, and mules, from which the plaintiff contends that this money could have been made by due diligence; and another witness refers to a peach crop which was grown' and gathered for Spear-man while this writ was in the sheriff’s hands, but which the plaintiff claims he was bound to have levied on for the same purpose.
The defendant, on the other hand, insists that these cattle and the other property proved by Cooper was levied upon and sold (or a part of it) by virtue of other and prior executions against Spearman, and a levy of Roe’s execution upon it would therefore have been useless; that the peach crop while growing was not liable to be seized as personal *15 chattels, and would have been unproductive if levied on after the peaches were gathered, by reason of their perishable character; and that, in reference to the delay in making the levy, that it was authorized, or, at least, sanctioned by the plaintiff himself, by direct, orders to the preceding sheriff to delay the service, and by a failure to give orders to Platt for the prosecution of this writ.
The plaintiff Roe, by issuing his execution and delivering it to the sheriff, commanded its execution; or, rather, he brought out the State’s command to the sheriff to levy and make the amount from the goods of the defendant Spear-man, if such goods could be found within his bailiwick, by the use of reasonable diligence and without delay. Ro further orders were necessary to fix the sheriff’s liability (and his liability is the liability of the surety), if he neglected to do his duty, and loss to the plaintiff was a consequence of such neglect. But at the same time the writ, though it bore the State’s command to the sheriff, was the process of the plaintiff and under his. control; and if he pleased to give contrary orders to the sheriff to stay the execution of that process, and to dispense with the use of diligence by the sheriff, and such orders were proved to. the satisfaction of the jury, he had a right to do so, and he would not then be liable as for a neglect of duty.. Or if no property had been shown to have been in this county belonging to Spearman upon which the sheriff could have levied this execution, and made the money, or some part of it, then,' though the delay might have been under other circumstances negligence, it would not be a ground for official liability on the part of the sheriif or his sureties.
The fact that Spearman’s property was all levied on by virtue of prior executions, is not of itself an excuse for not making the levy of the plaintiff’s execution upon it. Whether such a levy on goods before taken in execution would be available or not, is one thing; but the sheriff’s duty as to the levy is another, and it requires him to levy on all the goods and chattels of the defendant that might be found within his bailiwick.
Wolfe and J. A. Bayard, for plaintiff.
Rodney, for defendant.
Not so of the peaches, however, while on the trees and connected with the freehold. In that condition they are not such goods and chattels as are liable so to be taken in execution on a writ of fieri facias; but after they were detached and gathered they might be levied on. Whether from their perishable nature, and the necessity of transmitting them immediately to market, and the notice required by law before the sheriff could sell, such a levy by the sheriff could avail the plaintiff in such execution anything, it will be for the jury to decide.
On the whole case it will be for the jury to say whether the sheriff did his duty in 'the execution of this writ; and, if he did not, whether injury and loss resulted to the plaintiff from such negligence. If ,so, the defendant, as his surety, is liable.
In regard to the amount of the plaintiff’s claim, the court are of opinion that the sheriff could not have levied under this execution more than two-thirds of the principal sum with interest and costs; that is, the two instalments which were due at the time the execution issued.' The amount of Roe’s judgment is $400; payable, one-third, 1st of April, 1846; one third, 1st of April, 1847; one-third, 1st of April, 1848; with interest from April 12,1844, to the close of the November Term, 1847. If this amount was lost to the plaintiff by any negligence of the sheriff, which is not excused, . these two instalments, with interest upon them, would be the amount of your verdict. If, on the contrary, you are not satisfied by the evidence that the sheriff was guilty of negligence, or could have, by any reasonable diligence, in the execution of this process, have made the money, or some part of it, the verdict should be for the defendant.
Plaintiff had a verdict